Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Of Attorneys for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CLAYTON BUERKLE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, through counsel, comes before the Court to file this Complaint for Damages against the above-named Defendant. In support of this Complaint, Plaintiff alleges as follows:

## INTRODUCTION

This case centers around the Plaintiff, a former employee of Defendant Oregon Health and Science University ("OHSU"), and the unlawful religious discrimination he suffered because of his conflict with taking the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff is a former employee of the Defendant who worked for OHSU in Portland, Oregon. Defendant is a public corporation

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

incorporated in, and with a principal place of business, in Multnomah County, Oregon. The OHSU Board of Directors, whose members are appointed by the State Senate, governs the university. As a public corporation, it receives state and federal funding.

2.

Plaintiff has exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and is bringing this Complaint within the 90-day time limit allocated to him by statute. On September 13, 2024, Plaintiff received a 90 day right to sue letter, making his deadline to file suit December 12, 2024. Thus, this lawsuit is timely filed.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

As described in greater detail below, Plaintiff worked for an OHSU facility during the COVID-19 pandemic, which began in March of 2020. Plaintiff worked for OHSU for over twenty years and was an exceptional employee.

5.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

6.

Plaintiff held sincere and profound religious belief which prevented him from being able to take the available COVID-19 vaccines. Plaintiff's religious beliefs were in direct conflict with taking the COVID-19 vaccine.

7.

Page 2 – COMPLAINT FOR DAMAGES

OHSU's claims of undue burden are also belied by the fact that OHSU terminated employees who submitted religious exemptions and worked remotely, some even in different states than Oregon.

8.

OHSU not only failed to provide reasonable accommodation to its employees who sought exemptions from the COVID-19 vaccine mandate, it also placed them on unpaid administrative leave for a significant amount of time. During this time, OHSU used the financial pressure imposed by its unpaid leave to try to force religious employees to get vaccinated, despite their sincere religious convictions. The time period on unpaid leave often meant that employees could not get a new job because they were still technically employed, even though OHSU quickly cut off most employee benefits.

9.

OHSU did not conduct a follow-up inquiry with religious employees whom they suspected of filing insincere religious exemptions, as the EEOC suggests. Instead, OHSU simply denied the vast majority of exemptions without further investigation.

10.

When OHSU finally chose to terminate those religious employees who still had not taken the vaccine after weeks of unpaid leave, many employees could not find jobs, because other regional hospitals had enacted similar policies. Religious hospital employees with specialized jobs often had difficulty finding new employment after termination. Some had to move out of state or change professions entirely. OHSU's decision to terminate religious employees caused significant financial hardship and emotional trauma to those employees on a massive scale.

11.

Plaintiff began his employment with OHSU in 2001, and continued working until his termination on October 18, 2021, a period of twenty years of loyalty and dedication to his job. During this time, he worked as an Administrative Assistant, supporting various departments.

Plaintiff consistently received excellent reviews and was well regarded for his abilities.

12.

Plaintiff has deeply held religious beliefs that prevented him from receiving any of the available COVID-19 vaccines. Plaintiff submitted a religious exemption form to OHSU on or about September 16, 2021, in which he explained his beliefs.

"My primary religious belief directing my request is that the human body is the "temple of the soul." This is repeated often throughout my studies which accord in this with the Christian Bible KJV where it is mentioned in 1 Corinthians 3:16 and 1 Corinthians 6:19. Here also it is mentioned that the body is the temple of the Holy Ghost which in my quiet meditative states I feel distinctly within me. My primary spiritual practice is that "May the Divine Essence infuse and cleanse me of all impurities of mind and body.". Further, my daily practice is for my body to be brought into harmony with my soul. The conscience, as the most distinct voice of God within us, is our moral sense of right and wrong. To truly live a spiritual life, we must guide our actions with the "dictates of the conscience." We are also admonished that "Violation of one's conscience is a true sin because it profanes one's personal sense of goodness."

We are told to strive to make the food we eat "as natural as possible." This would, of course, extend to what we drink and the air we breathe. I've been educating myself about Genetic Modified Organisms for a decade now and doing what I can over this time to remove non-organic foods from my diet. As I try to keep my body temple as pure as I can by eating organic foods I do so similarly with the air I breathe and the water I drink. Likewise, my long-time practice has been to spend time outdoors exposed to healing powers of nature and which is well documented in the science literature. I have two air purifiers in my house and I'm on my third water purifier. These I have used for 5-10 years to help keep my body free from impurities. I use herbs to manage pain and to discourage other possible health concerns. These long practices that I follow demonstrate that they follow from very sincerely held beliefs derived from my core religious or spiritual principles of the relationship between God's creation, the natural world, and the bodily temple derived from it and entrusted to my soul created by God.

The new COVID vaccine is to me totally an unnatural product that is not in God's creation. Further it involves extensive genetic intervention and manipulation totally at conflict with my beliefs in adhering to a natural lifestyle to maintain bodily health. So, to me it is absolutely antithetical to maintaining the nature of my bodily temple. Without doubt, it would be an impurity in my mind. It would violate my conscience to allow it to be put into my body and so is prohibited by the truths I live by. And after having recovered from what appears to be a bout of COVID, I now have abundant natural antibodies to the whole virus. So, I do not think that even if I took one of the vaccines that it would make any significant boost to my natural immunity."

Plaintiff received his exemption denial from OHSU on October 1, 2021. He was placed on unpaid leave on October 19, 2021, and subsequently terminated.

13.

Plaintiff had planned to retire from OHSU, but due to his termination he was forced into early retirement. Plaintiff lost not only his income, but also his benefits, including health insurance

and retirement contributions. Plaintiff has incurred economic damages of at least $149,872.84 in lost wages and benefits, and non-economic damages of $450,000.00 or in an amount to be determined at trial.

14.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenets of Christianity.

22.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff requested a religious exception to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiff's religious beliefs.

24.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religious beliefs by Defendant as outlined above was a substantial motivating factor in the cause of Plaintiff's wrongful termination.

25.

Defendant's violations of Title VII are more specifically described as follows:

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

26. Failure to provide reasonable accommodation under 42 U.S.C. § 2000e–2(a)(1). Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs requests for a religious exemption in violation of Title VII. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant wrongfully denied Plaintiff's exception and summarily placed Plaintiff and other similarly situated employees who filed religious exemptions on unpaid administrative leave, and then terminated them, regardless of the nature of their position and the level of risk they may have posed. During prior vaccine mandates for influenza or other diseases, employees could simply check a box to obtain a religious exemption. This time, OHSU demanded that religious employees explain their beliefs in detail. OHSU did not simply accept the Oregon Health Authority (OHA) form which only required a two-sentence description of the Plaintiff's religious beliefs. OHSU demanded a longer form, and implied a letter from a pastor or religious leader was necessary, even though the OHA form did not require it. OHSU imposed a significant amount of unnecessary onerous requirements to discourage religious employees from completing all the paperwork necessary to obtain an exemption. OHSU also informed its religious employes that they would be denying entire categories of religious exemptions based on the content and viewpoint of the beliefs expressed. OHSU's actions and conduct during the religious exemption review and accommodation process demonstrated discriminatory motives to evade its obligations to accommodate the Plaintiff's religious practice.

27.

Plaintiff has incurred economic damages of at least $$149,872.84 in lost wages and benefits, and non-economic damages of $450,000.00 or in an amount to be determined at trial. Plaintiff seeks punitive damages. He also seeks his attorney fees under the provisions of Title VII.

//

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seek the following relief:

1. Judgment in favor of Plaintiff and against Defendant on all claims relevant to him in an amount to be determined at trial.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 11th day of December, 2024.


RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Paul Janzen, OSB No. 176240
paul@ruggedlaw.com
Of Attorneys for the Plaintiff

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999